IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DONALD TRIMBLE,<br><br>        Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security;<br><br>        Defendant. | **8:23CV161**<br><br>**FINDINGS AND RECOMMENDATION** |

This is an action for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner"). Plaintiff Donald Trimble ("Trimble") moves for an order reversing the Commissioner's denial of his application for disability benefits. (Filing No. 10). Defendant, Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, moves to reverse and remand pursuant to sentence four of 42 U.S.C. § 405(g). (Filing No. 16).

Plaintiff agrees remand is warranted, at least for a new hearing, but opposes Defendant's motion, arguing that due to the "overwhelming evidence" in support of Plaintiff's claim, the case must be remanded for the award of benefits. (Filing No. 18, citing Fowler v. Bowen, 866 F.2d 249 (8th Cir. 1989); Pate-Fires v. Astrue, 564 F.3d 935, 947 (8th Cir. 2009)). For the reasons that follow, the motion to reverse the Commissioner's decision should be granted, and the Commissioner's motion to reverse and remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), should also be granted.

    I.    Procedural Background

On November 17, 2016, Trimble protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning

January 4, 2016[1]. (Filing No. 4-2 at CM/ECF p. 12). The claim was denied initially on February 2, 2017, and upon reconsideration on July 6, 2017. Thereafter, Trimble requested a hearing, and the hearing was held before an Administrative Law Judge ("ALJ") on November 1, 2017. ALJ Buell issued an unfavorable decision on December 26, 2017. Trimble requested review and the Appeals Council denied review, finding the reasons stated did not provide a basis for changing the ALJ's decision. (Filing No. 4-2 at CM/ECF p. 2).

On April 12, 2018, Trimble filed a civil action against the Commissioner of Social Security. (See D. Neb. 8:18-cv-162). In light of Carr v. Saul, 141 S. Ct. 1352 (2021), the United States Court of Appeals for the Eighth Circuit reversed this court's judgment and remanded the case to address the appellant's claim based on the Appointments Clause of the Constitution. (8:18-cv-162, Filing No. 32). On June 22, 2021, Senior Judge Richard G. Kopf vacated the Commissioner's decision and remanded the case for a new hearing before a constitutionally appointed ALJ. (8:18-cv-162, Filing No. 36).

On July 31, 2022, the Appeals Council issued a remand order, explaining that Trimble was to receive a new ALJ hearing consistent with the ruling in Carr v. Saul. (Filing No. 6-2 at CM/ECF p. 49). On December 6, 2022, a remand hearing was held before a different ALJ, ALJ Dutton. (Filing No. 6-1 at CM/ECF p. 23). On December 28, 2022, ALJ Dutton issued an unfavorable decision. (Filing No. 6-1 at CM/ECF p. 2).

On April 25, 2023, Trimble filed the complaint in this action. (Filing No. 1). He seeks review of the final decision, requesting either remand for the calculation of benefits should the court find overwhelming evidence supports disability, or,

---

[1] Trimble amended the alleged onset date of disability to February 29, 2016. (Filing No. 6-1 at CM/ECF p. 6).

alternatively, reversal and remand for further proceedings, including a new hearing. (Filing No. 10).

In response to Plaintiff's motion, Defendant filed a motion to reverse and remand pursuant to sentence four of 42 U.S.C. § 405(g). (Filing No. 16).

II. The ALJ's Decision

The ALJ evaluated Trimble's claim through the five-step evaluation process described in 20 CFR 404.1520(a) and 416.920(a) to determine whether Plaintiff was disabled under sections 216(i) and 223(d) of the Social Security Act. As reflected in his decision, the ALJ made the following findings:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2016.

2. The claimant did not engage in substantial gainful activity during the period from his amended alleged onset date of February 29, 2016 through his date last insured of December 31, 2016 (20 CFR 404.1571 et seq.).

3. Through the date last insured, the claimant had the following severe impairments: degenerative disc disease of the cervical and lumbar spine, adjustment disorder with mixed anxiety and depressed mood, and post-traumatic stress disorder (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. Through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) in that he could lift and/or carry 10 pounds occasionally, and less than 10 pounds frequently; stand and/or walk for 2 hours out of an 8-hour workday; sit for 6 hours out of an 8-hour workday; and push and/or pull to the same weight restrictions. The claimant needs to re-adjust his

position every 2 hours, during normal breaks. He can occasionally climb ramps and stairs, balance, stoop, kneel, and crouch. He cannot crawl, or climb ladders, ropes, or scaffolds. He should avoid even moderate exposure to cold, vibration, and hazards. He can perform simple work, that does not require more than occasional interaction with the general public.

6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on January 21, 1972 and was 44 years old, which is defined as a younger individual age 18-44, on the date last insured (20 CFR 404.1563).

8. The claimant has at least a high school education (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569a).

11. The claimant is not under a disability, as defined in the Social Security Act, at any time from January 4, 2016, the alleged onset date, through December 31, 2016, the date last insured (20 CFR 404.1520(g)).

   III.   Issues Raised for Judicial Review

A. The ALJ erred by relying on vocational expert testimony identifying job numbers based on entire "SOC" group numbers, which most often contain multiple DOT occupation titles, as the numbers available for individual DOT job titles. This error was discussed recently in the Eleventh Circuit opinion, Goode v. Comm'r of Soc. Sec. [2]

---

[2] Goode v. Comm'r of Soc. Sec., 966 F.3d 1277 (11th Cir. 2020).

B. The ALJ failed to provide meaningful Lucia[3] relief, as the ALJ exhibited the prior vacated ALJ decision over objection, and treated the prior decision and the prior vacated district court affirmance order, as hurdles to overcome in what was supposed to be a de novo hearing occurring as if the unconstitutional ALJ Buell hearing had not occurred to the extent feasible.

C. The ALJ did not provide good reasons for the weight afforded to Dr. Cornett's treating surgeon opinions.

D. The ALJ did not provide sufficient reasons for the weight afforded to Dr. Bixenmann's examining surgeon opinions, which agreed with Dr. Cornett's opinions.

E. The ALJ did not provide sufficient reasons for the weight assigned to Mr. Peters' primary care provider opinions. The ALJ also did not provide good reasons for finding Mr. Trimble not credible in reporting his limitations.

F. Mr. Trimble's claim should be remanded as the ALJ that held his hearing and denied him benefits was not constitutionally appointed, as Nancy Berryhill's SSA ALJ appointment ratification attempt on July 16, 2018, was ineffective because the Federal Vacancies Reform Act (FVRA) provided her no vehicle to Acting Commissioner authority after her authority lapse on November 17, 2017, as explained in the recent District of Minnesota cases, Brian T.D. v. Kijakazi and Richard J.M. v. Kijakazi.[4]

(Filing No. 11 at CM/ECF pp. 2-3).

    IV.    Standard of Review

A denial of benefits by the commissioner is reviewed to determine whether it is supported by substantial evidence on the record as a whole. Van Hoosear v.

---

[3] Lucia v. S.E.C., 138 S.Ct. 2044 (2018)
[4] "Counsel recognizes that this argument is currently foreclosed by the Eighth Circuit's published opinion in Dahle v. Kijakazi. This argument is made in the event that Dahle is reversed, as Dahle will likely have a cert petition filed." (Filing No. 11 at CM/ECF p. 3, n. 2).

Kijakazi, No. 8:22CV150, 2023 WL 155311, at *3 (D. Neb. Jan. 10, 2023), citing Hogan v. Apfel, 239 F.3d 958, 960 (8th Cir. 2001); Finch v. Astrue, 547 F.3d 933, 935 (8th Cir. 2008).

A district court may remand a Social Security disability case under "sentence four" or "sentence six" of section 405(g).  See Melkonyan v. Sullivan, 501 U.S. 89 at 97-103 (1991); Shalala v. Schaefer, 509 U.S. 292, 296-97 (1993).  Sentence four of section 405(g) authorizes a district court to enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for rehearing."  42 U.S.C. § 405(g); see Melkonyan, 501 U.S. at 97-101; Schafer, 509 U.S. at 296-97.  Sentence four further states that the remand order may be entered upon the pleadings and transcript of the record.  42 U.S.C. § 405(g).

V.   Analysis

A. Reversal

The parties agree that the Commissioner's decision should be reversed and remanded. In Lucia v. S.E.C., 138 S.Ct. 2044 (2018), the Supreme Court determined that the "appropriate" remedy for an adjudication tainted with an appointments violation is a new hearing before a properly appointed official. In that case, a new ALJ was chosen because the judge could not "be expected to consider the matter as though he had not adjudicated it before" when the judge had previously heard the Plaintiff's case and issued the initial decision on the merits. Lucia, 138 S. Ct. at 2055.

Using Lucia as a guide, Plaintiff argues that by entering the prior decision by ALJ Buell, ALJ Dutton did not afford him a full and fair new hearing untainted by the prior unconstitutional hearing and hearing decision. In response to Plaintiff's

motion to reverse, the Commissioner agrees that the ALJ who issued the decision did not adequately evaluate the evidence.  The Commissioner states:

> On remand, the Commissioner will assign the case to a different ALJ, who will take any necessary actions to further develop the administrative record, offer Plaintiff the opportunity for a de novo hearing, reevaluate the opinion evidence in accordance with the provisions in 20 C.F.R. § 404.1527, reconsider Plaintiff's residual functional capacity (RFC), obtain supplemental vocational evidence, and issue a new decision.

(Filing No. 17 at CM/ECF p. 1).

The parties agree that Trimble should have had an opportunity for a de novo hearing before a new ALJ. (Filing No. 19 at CM/ECF p. 1). Thus, Plaintiff's motion to reverse should be granted, in part.

B.  Scope of Remand

Plaintiff claims the Commissioner's decision should be remanded for calculation of benefits. Defendant argues it should be remanded for further proceedings.

"Ordinarily, when a claimant appeals from the Commissioner's denial of benefits and we find that such denial was improper, we, out of 'our abundant deference to the ALJ,' remand the case for further administrative proceedings." Buckner v. Apfel, 213 F.3d 1006, 1011 (8th Cir. 2000). Consistent with this rule, [the court] may enter an immediate finding of disability only if the record "overwhelmingly supports" such a finding. Id. Plaintiff argues the overwhelming evidence supports remand for an award of benefits. (Filing No. 18 at CM/ECF p. 2, citing Fowler v. Bowen,  866 F.2d 249 (8th Cir. 1989); Pate-Fires v. Astrue, 564 F.3d 935, 947 (8th Cir. 2009)).

The Commissioner has acknowledged that the ALJ did not adequately evaluate the opinion evidence and asks the court to remand the case so a different ALJ can properly evaluate this case and reconsider Trimble's residual functional capacity, and the effect of that RFC on his ability to perform past relevant work or other work. (Filing No. 19 at CM/ECF p. 2).

Plaintiff argues the ALJ had a duty to fully and fairly develop the record and failed to do so. (Filing No. 11 at CM/ECF p. 24). Trimble further asserts that the ALJ improperly used data from the first vocational expert to question the vocational expert who testified at the remand hearing. Ultimately, Trimble argues the vocational expert's testimony regarding the existing jobs was for broader occupational groups, rather than the specific occupations at issue in this case. As such, the Commissioner notes that the record does not currently contain evidence by which the court can evaluate whether there are jobs existing in significant numbers in the national economy that Trimble could perform. (Filing No. 17 at CM/ECF p. 4).

Trimble argues that the evidence relied upon by the ALJ was incorrect or incomplete. When there is an error in an administrative determination "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Orlando Venture, 537 U.S. 12, 16 (2002). This case does not present the "rare circumstances" where the record provides overwhelming evidence of disability such that this court should remand for payment of benefits. Instead, the case must be remanded for further administrative proceedings. Accordingly,

IT IS RECOMMENDED to the Honorable John M. Gerrard, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b), that:

1) The Motion for an Order Reversing the Commissioner's Decision be granted. (Filing No. 10). The court should enter judgment in accordance with this order pursuant to Fed. R. Civ. P. 58.

2) The Commissioner's Motion to Reverse and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) be granted. The Commissioner's decision should be remanded to the Commissioner for a new hearing before a different, constitutionally appointed administrative law judge. (Filing No. 16).

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

Dated this 20th day of October, 2023.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge